**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **DIONÉ RODMAN,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL No. 12-cv-3218-JKB** |
| **MARYLAND DEPARTMENT OF,** | * | |
| **HUMAN RESOURCES** *et al.*, | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Dioné Rodman ("Plaintiff") brought this suit against Maryland Department of Human Resources ("DHR"), Baltimore City Department of Social Services ("BCDSS"), Sylvia Phillips, Jennifer Fowlkes, Sonja Lorick and Ron Allen (collectively, "Defendants") alleging claims under 42 U.S.C. §§ 1983, 1985(2) and 1986, constitutional violations and multiple Maryland tort law claims. Now pending before the Court are Defendants' motion to dismiss the complaint (ECF No. 10), Defendants' motion to dismiss the first amended complaint (ECF No. 14), Plaintiff's motion to file a second amended complaint (ECF No. 20), and Plaintiff's motion to stay proceedings (ECF No. 22). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, Defendants' motion to dismiss the complaint (ECF No. 10) will be DENIED AS MOOT, Defendants' motion to dismiss the first amended complaint (ECF No. 14) will be GRANTED, Plaintiff's motion to file a second amended complaint (ECF No. 20) will be DENIED, and Plaintiff's motion to stay proceedings (ECF No. 22) will be DENIED AS MOOT.

## I. BACKGROUND[1]

Plaintiff receives state benefits in the form of food stamps and temporary cash assistance. (Am. Compl. ¶ 2.)  These benefits are distributed through BCDSS, which is a local department of DHR.  (*Id.* ¶¶ 2.)  Plaintiff alleges that she signed a contract with BCDSS "entitling her to [the state benefits] as long as she complied with the provisions of Work Activity," which is a "program established under the Maryland State Law."  (*Id.* ¶¶ 3, 4.)  Plaintiff further alleges that at various times since 2010, Defendants have denied Plaintiff the benefits to which she is entitled under state law and ignored the legal processes for terminating such benefits.

## II. LEGAL STANDARD

Leave to file an amended or supplemental pleading should be "freely give[n] where justice so requires."  FED. R. CIV. P. 15(a)(2).  A district court may deny leave, however, if: (1) the new pleading would prejudice the opposing party; (2) the moving party has acted in bad faith; or, (3) the new pleading would be futile (*i.e.*, if it could not withstand a motion to dismiss).  *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006); *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).  If a district court chooses to deny leave, it must give justifying reasons.  *See id.* (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

A motion to dismiss under FED. R. CIV. P. 12(b)(6) is a test of the legal sufficiency of a complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions.  *Bell Atl. v. Twombly*, 550

---

[1] The facts are recited here as alleged by the Plaintiff, this being a motion to dismiss.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

U.S. 544, 556-57 (2007). In assessing the merits of a motion to dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). If after viewing the complaint in this light the court cannot infer more than "the mere possibility of misconduct," then the motion should be granted and the complaint dismissed. *Iqbal*, 556 U.S. at 679.

A plaintiff filing *pro se* is held to a "less stringent standard[]" than is a lawyer, and the court must liberally construe his claims, no matter how "inartfully" pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations). However, even a *pro se* complaint must meet a minimum threshold of plausibility. *See, e.g., O'Neil v. Ponzi*, 394 Fed. App'x. 795, 796 (2d Cir. 2010).

It is well established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts should consider three factors when ruling on a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Johnson v. DuPuy Orthopaedics, Inc.*, No. 12 Civ. 2274 (JFA), 2012 WL 4538642, *2 (D.S.C. Oct. 1, 2012) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)).

## III.    ANALYSIS

Every party to litigation in federal court is entitled to "amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." FED. R. CIV. P. 15(a)(1).  Plaintiff took advantage of this rule when she filed the first amended complaint (ECF No. 13) on March 1, 2013.  Defendants moved to dismiss the first amended complaint on March 15, 2013.  (ECF No. 14.)  At that point, Plaintiff was entitled to amend the complaint "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).  However, on April 5, 2013, Plaintiff filed the second amended complaint (ECF No. 20) without indicating that Defendants consented to the filing or seeking the Court's leave.

The Court will treat the filing of the second amended complaint as a motion for leave to file a second amended complaint, and the Court will deny the motion because the amendment would be futile.  The Court has closely compared the second amended complaint to the first amended complaint, and the documents are almost identical.  The only differences that the Court has identified are that (1) Plaintiff inserted paragraph 10 of the second amended complaint, and (2) Plaintiff attached four exhibits to the second amended complaint.[2]  The new paragraph states that Plaintiff complied with the notice requirements set forth in the Local Government Tort Claims Act; that provision is not relevant to Plaintiff's allegations because Plaintiff has not asserted any claims against local governments.  The new exhibits are also irrelevant to the motion to dismiss because they do not add any relevant information that is not pled in the first amended complaint.  Therefore, the Court will deny Plaintiff's motion to file a second amended complaint.

---

[2] It was difficult for the Court to compare the two documents, because Plaintiff did not filed "a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type," as required by Local Rule 103.6(c).

### A.      Sovereign Immunity

Plaintiff's claims against DHR and BCDSS are barred by the Eleventh Amendment.[3] States enjoy immunity from suits for damages under the Eleventh Amendment to the U.S. Constitution, and that protection extends to arms of the state. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977).  DHR is "established" by state law "as a principal department of the State government."  MD. CODE HUM. SERVS. § 2-201.  BCDSS is also established by state law as a "local department" of DHR.  *Id.* § 3-201.  DHR has the power to determine whether state or federal funds will pay for the administrative costs incurred by DHS, but state law "does not proscribe a county from appropriating additional funds for administrative costs."  *Id.* § 3-202.

Several courts, including the Fourth Circuit, have held that another "local department" of DHR is an arm of the state.  *See Keller v. Prince George's Cnty.*, 923 F.2d 30, 32 (4th Cir. 1991); *Lowery v. Prince George's Cnty.*, 960 F. Supp. 952, 954-55 (D. Md. 1997) (holding claims against agency employees were barred by Eleventh Amendment sovereign immunity).[4] Both of those decisions relied heavily on affidavits reflecting that the vast majority of the department's funding came from the state and federal governments, and BCDSS did not submit similar affidavits in this case.  However, in the years since these opinions, the Supreme Court has emphasized that preventing states from the fiscal impact of a judgment is not the only policy underlying the Eleventh Amendment.  *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425 (1997).  "The preeminent purpose of state sovereign immunity is to accord States the dignity that

---

[3] Although Defendants only addressed sovereign immunity in the portion of their brief dealing with the Maryland tort law claims, the Court will consider the defense in connection with all of the claims.  *See Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997) ("a court ought to consider the issue of Eleventh Amendment immunity at any time, even *sua sponte*").

[4] *See also Studli v. Children & Youth Servs.*, 2012 WL 5420322 (D. Md. Nov. 6, 2012); *Davis v. Dept. of Social Servs. Of Baltimore Cnty.*, 941 F.2d 1206 (Table), *4 (4th Cir. 1991).

is consistent with their status as sovereign entities." *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002); *see also* Wright, Miller & Cooper, 13 FED. PRAC. & PROC. JURIS. § 3524 (3d ed.) (summarizing the relevant case law). Given the Supreme Court's de-emphasis of the financial effects of a judgment and the Fourth Circuit's holding in *Keller*, DHR and BCDSS are protected by Eleventh Amendment sovereign immunity.

The first amended complaint does not specify whether Plaintiff's claims against the individual Defendants are alleged against them in their personal or official capacities. In such a case, "the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity. *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995). As explained more fully below, the Court need not perform that analysis in this case, because Plaintiff failed to allege facts in the amended complaint to support her federal claims.

### B.      Counts I through IV – Federal Statutory Claims

Count I—Plaintiff's claim for a "violation under 42 U.S.C. § 1983"—must be dismissed against all Defendants, regardless of the capacity in which they are sued or the remedy sought. Section 1983 "merely provides a mechanism for enforcing individual rights secured elsewhere, [so] . . . one cannot go into court and claim a violation of § 1983." *Gonzaga Univ v. Doe*, 536 U.S. 273, 285 (2002) (internal citations and quotation marks omitted). Therefore, the Court will dismiss Count I.

In Count II, Plaintiff alleges that BCDSS, Lorick and Phillips violated 42 U.S.C. § 1985(2) by willingly conspiring to deter Plaintiff "by force, from testifying to the matters pending against BCDSS's actions" in the Maryland Office of Administrative Hearings. (Am. Compl. ¶ 70.) Plaintiff alleges that the named Defendants accomplished this "by failing to

submit [Plaintiff's] case file as evidence in the hearing, . . . failing to submit the correct information in [Plaintiff's] narrated notes[,] and failing to submit the missing information in [Plaintiff's] case file" to the Maryland Office of Administrative Hearings. (*Id.*) This claim fails because Plaintiff does not allege that Defendants conspired to deter her from testifying in a "court of the United States," as required by the statute. *See* § 1985(2); *Morast v. Lance*, 807 F.2d 926, 930 (11th Cir. 1987) (holding that an administrative agency is not a court of the United States within the meaning of § 1985); *see also Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Therefore, the Court will dismiss Count II.

In Count III, Plaintiff alleges that BCDSS, Lorick, Allen and Phillips violated 42 U.S.C. § 1985(2) by willingly conspiring for the purpose of impeding, hindering, obstructing and defeating the due course of justice in the State of Maryland. This claim fails because, among other reasons, Plaintiff does not allege facts to support the inference that "[D]efendants were motivated by racial or other class-based, invidiously discriminatory animus," as required to state a claim under the second part of § 1985(2). *See Sellner v. Panagoulis*, 565 F. Supp. 238, 246 (D. Md. 1982). Therefore, the Court will dismiss Count III.

Count IV must be dismissed because Plaintiff only asserts this claim against DHR and BCDSS. For the reasons explained above, this claim is barred by sovereign immunity. Therefore, the Court will dismiss Count IV.

### C.    Counts V through IX – Federal Constitutional Claims

In Counts V and VI, Plaintiff asserts claims for violations of the Sixth Amendment to the U.S. Constitution against Lorick.[5] These claims fail because the application of that amendment is limited by its terms to "criminal prosecutions." The amended complaint alleges various flaws

---

[5] Claim against BCDSS (Count V) is barred by sovereign immunity.

in civil administrative proceedings, which are not criminal prosecutions. Therefore, the Court will dismiss Counts V and VI.

In Count VII, the amended complaint asserts a claim for violations of the Eighth Amendment to the U.S. Constitution. This claim will be dismissed because the Eighth Amendment only applies to treatment of prisoners after criminal convictions. *See United States v. Hall*, 551 F.3d 257, 273 n.19 (4th Cir. 2009). Therefore, the Court will dismiss Count VII.

In Counts VIII and IX, the amended complaint asserts claims for violations of the Fourteenth Amendment to the U.S. Constitution against all Defendants. Count VIII alleges that Defendants willfully and purposefully deprived Plaintiff of her procedural due process rights "by terminating [Plaintiff's benefits] without merit, without proper notifications, without a fair hearing, without a full evidentiary hearing," and without the various procedural protections that accompany such a hearing. (Am. Compl. ¶ 87.) Under the standard announced by the Supreme Court in *Goldberg v. Kelly*, 397 U.S. 254 (1970), Plaintiff was entitled to a pre-termination hearing with "minimal procedural safeguards," including notice and an opportunity to be heard. *Id.* at 266-68.

Plaintiff's claim for deprivation of procedural due process fails because she fails to allege facts to support the allegation that she was not given notice of pre-termination hearings and an opportunity to be heard. Plaintiff pleads generally that she was denied "proper notifications," but the amended complaint alleges no facts to support this inference. (Am. Compl. ¶ 87.) In fact, the amended complaint contains many allegations suggesting that Plaintiff received adequate notice from Defendants of her potential termination from [the programs at issue.] For example, the amended complaint alleges that Plaintiff "was maliciously sent numerous notices . . . stating that she had not complied" with certain requirements of the programs. (Am. Compl. ¶ 15.)

More specifically, Plaintiff alleges that she received a notice from BCDSS on August 9, 2010, informing her that she would not receive certain benefits for certain months because she failed to comply with the program's work activity requirements. (*Id.* ¶ 22.) On "March 25, 2011, [Plaintiff] was sent a notice stating that she had failed to appear for a redetermination appointment and her [benefits] had been terminated." (*Id.* ¶ 28.) Plaintiff alleges that she received a similar notice about a different program on March 31, 2011.[6] In addition, Plaintiff alleges that at various times she successfully appealed various terminations of her benefits. (*See* Am. Compl. ¶¶ 12, 19, 21, 39, 40.). Taken together, these allegations suggest that Plaintiff received procedural due process in connection with the terminations of her benefits. Therefore, the Court will dismiss Count VIII.

Count IX alleges that Defendants violated Plaintiff's right to substantive due process by denying "without just cause" her rights to receive the benefits. (Am. Compl. ¶ 90.) In order to state a claim for a violation of substantive due process, Plaintiff must allege that Defendants deprived her of a property interest in a way that is "so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency." *Sylvia Dev. Corp. v. Calvert Cnty., Md.*, 48 F.3d 810, 827 (4th Cir. 1995) (emphasis in original) (citing *Love v. Peppersack*, 47 F.3d 120, 122 (4th Cir. 1995)). Conduct that rises to the level of a violation of substantive due process must be so egregious that it "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998); *see also Huggins v. Prince George's Cnty., Md.*, 683 F.3d 525, 535 (4th Cir. 2012). In addition, the substantive due process inquiry requires "an exact

---

[6] The Court recognizes that some of the allegations in the amended complaint could be interpreted, in isolation, to suggest Plaintiff's receipt of benefits was terminated at various times without a pre-termination hearing. (*See, e.g.*, Am. Compl. ¶ 26 (Plaintiff "was sent a notice stating that she was non-compliant [with certain requirements] and her [receipt of benefits] was terminated"); *id.* ¶ 37 (same).) However, in the context of the entire amended complaint, it is impossible to determine whether these were Plaintiff's first notices of the alleged violation. At no point does Plaintiff unambiguously allege a specific instance in which her benefits were terminated without receiving notice of, and an opportunity to be heard at, a pre-termination hearing.

analysis of [the] circumstances" because these rules depend on context and "are not . . . subject to mechanical application." *Lewis*, 523 U.S. at 850.

The allegations in the amended complaint fail to rise to the level of a violation of substantive due process.[7] Plaintiff's allegations against Defendant Lorick are the closest to sustaining the substantive due process claim, but these allegations are insufficient. The amended complaint alleges that Lorick intentionally misrepresented facts about Plaintiff's eligibility for the benefits she sought and terminated Plaintiff's benefits as punishment for contacting Lorick's superiors. (*See* Am. Compl. ¶¶ 38, 44, 46.) These actions are not "so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency." *Sylvia Dev.*, 48 F.3d at 827. In fact, the amended complaint recounts that Plaintiff has repeatedly prevailed in appeals of the decisions to terminate her benefits. (*See, e.g.*, Am. Compl. ¶ 13.) Therefore, the Court will dismiss Count IX.

### D. Counts X through XVIII – State Law Claims

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which are the only remaining claims in this action. As a general matter, state law claims belong in state court. Given the early resolution of the federal claims in the amended complaint, the interests of efficiency and judicial economy would not be furthered by an exercise of this Court's supplemental jurisdiction. Therefore, the Court will dismiss Counts X through XVIII.

---

[7] Many of the allegations, including Plaintiff's repeated reference to "vicious" and "malicious" notices of Plaintiff's failure to comply with the programs' requirements are irrelevant to this analysis because they constitute conclusory allegations of wrongdoing that are not supported by specific factual allegations. The same is true of Plaintiff's allegations that Defendant Lorick included "fraudulent information" in the case file that was sent to the Maryland Office of Administrative Hearings.

### E. Plaintiff's Motion to Stay Proceedings

The Court will deny as moot Plaintiff's motion to stay proceedings (ECF No. 22) because the issue it raises—that Plaintiff's notice of claim has not yet been denied by the Maryland State Treasurer—is not relevant to the reasoning above.

## IV. CONCLUSION

Accordingly, an order shall issue DENYING AS MOOT Defendants' motion to dismiss the complaint (ECF No. 10), GRANTING Defendants' motion to dismiss the first amended complaint (ECF No. 14)., DENYING Plaintiff's motion to file a second amended complaint (ECF No. 20), and DENYING AS MOOT Plaintiff's motion to stay proceedings (ECF No. 22).

Dated this <u>24th</u> day of May, 2013

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge